1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8  PAMELA S. OWEN,
9         Plaintiff,
10     v.
11  CHUCK E. ATKINS, et al.,
12         Defendants.

CASE NO. C15-5375 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR STAY, GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND GRANTING PLAINTIFF LEAVE TO AMEND HER CPA CLAIM

13

14   This matter comes before the Court on Defendants MTC Financial, Inc., doing

15 business as Trustee Corps ("MTC"), and Bishop Marshall & Weibel, PS's ("BMW")

16 motions to dismiss (Dkts. 11 & 21); and Plaintiff Pamela Owen's ("Owen") motion to

17 stay proceedings pending outcome of state court of appeals (Dkt. 25). The Court has

18 considered the pleadings filed in support of and in opposition to the motions and the

19 remainder of the file and hereby rules as follows:

20                    **I. PROCEDURAL HISTORY**

21   On May 7, 2015, Owens filed a complaint in Clark County Superior Court for the

22 State of Washington against Defendants Chuck E. Atkins, in his official capacity as Clark

ORDER - 1

County Sheriff; Federal Housing Finance Agency; Federal Home Loan Mortgage Corporation ("Freddie Mac"); MTC; and BMW.  Dkt. 2-3.  Owen asserts a cause of action for violation of Washington's Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and a cause of action for violation of her federal rights under 42 U.S.C. § 1983.  *Id.*

On June 18, 2015, MTC filed a motion to dismiss.  Dkt. 11.  On July 13, 2015, Owen responded.  Dkt. 13.  On July 17, 2015, MTC replied.  Dkt. 17.

On August 7, 2015, BMW filed a motion to dismiss.  Dkt. 21.  On August 11, 2015, Owen responded.  Dkt. 23.  On September 3, 2015, BMW replied.  Dkt. 32.

On August 19, 2015, Owen filed a motion to stay proceedings pending the outcome in the state court of appeals.  Dkt. 25.  On August 24, 2015, MTC responded.  Dkt. 28.  On August 31, 2015, BMW responded.  Dkt. 30.  On September 3, 2015, Owen replied.  Dkts. 33 & 34.

## II. FACTUAL BACKGROUND

Owen alleges that she owns property in Vancouver, Washington.  On June 16, 2014, MTC sent Owen a notice of delinquent payment and notice of foreclosure sale.  Dkt. 2-3, Exh. 3.  The notice provides that Owen had been delinquent in payments since September 2009.  *Id.*  On January 16, 2015, MTC held a foreclosure sale, and Freddie Mac purchased the property.  *Id.*, Exh. 13.  On March 3, 2015, Freddie Mac filed a complaint in state court for an unlawful detainer action against Owen and all other occupants of the property in question.  *Id.*  On April 3, 2015, the state court issued a writ of restitution to restore possession of the property to Freddie Mac.  *Id.*, Exh. 18.  Owens

alleges that Sheriff Atkins attempted to serve the writ sometime after it had expired. *Id.*, ¶ 6.11.

### III. DISCUSSION

**A.     Motion to Stay**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A stay may be appropriate "pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character[.]" *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g., Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The Ninth Circuit, however, has cautioned that "if there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Id*.

In this case, Owen moves for a stay pending the outcome of her appeal pending in the Washington Court of Appeals. Dkt. 25. Owen, however, fails to show how the outcome of that appeal will have any bearing on her claims against MTC or BMW. Owen's appeal challenges the constitutionality of Washington's unlawful detainer action when issued *ex parte*. Dkt. 24-5. As explained below, no matter the outcome of Owen's

appeal, it would have no bearing on either of Owen's claims against MTC or BMW. Therefore, the Court denies Owen's motion to stay.

**B.     Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, MTC and BMW move to dismiss Owen's civil rights claim and CPA claim. With regard to Owen's civil rights claim, she bases the claim on the allegation of Sheriff Atkins delivering an improperly issued writ. Dkt. 2-3, ¶¶ 6.10-6.14. Owen's claim cannot withstand MTC's motion to dismiss because MTC did not participate in the unlawful detainer action. In fact, Owen fails to contradict this fact and asserts only that MTC "did not have legal authority to conduct a nonjudicial foreclosure sale of [Owen's] primary residence." Dkt. 23 at 12. First, MTC's participation in the foreclosure sale is

too remote from Sheriff Atkins delivering the writ to impose liability on MTC.  *Martinez v. State of Cal.*, 444 U.S. 277, 285 (1980) (injury "too remote a consequence" of alleged actions for § 1983 liability to apply).  Second, "the state's statutory authorization of self-help provisions is not sufficient to convert private conduct into state action." *Apao v. Bank of New York*, 324 F.3d 1091, 1094 (9th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164-165 (1978)).  Similar to *Apao*, the contracted right to conduct a nonjudicial foreclosure does not convert MTC's conduct into action under color of law.  Therefore, the Court grants MTC's motion to dismiss Owen's civil rights claim.  The Court also finds that no amendment will cure Owen's civil rights claim against MTC and dismisses the claim with prejudice and without leave to amend.

With regard to Owen's civil rights claim against BMW, the claim is also subject to dismissal.  The Ninth Circuit has "repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act." *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977).  While some precedent exists to support a cause of action against Freddie Mac, there is no precedent to support a cause of action against Freddie Mac's attorneys in the unlawful detainer action.  Therefore, the Court grants BMW's motion on this claim and dismisses Owen's claim with prejudice and without leave to amend.

With regard to Owen's CPA claim, Owen fails to allege sufficient facts to support the claim.  Owen's claim against BMW is based on Owen's contention that serving the complaint on her without filing the complaint in state court was somehow improper and, even more of a stretch, somehow constitutes a CPA violation.  Owen clearly fails to state

1 facts that support every element of a CPA claim.  *See Hangman Ridge Training Stables,*

2 *Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85 (1986) (listing five elements of CPA

3 claim).  Therefore, the Court grants BMW's motion to dismiss Owen's CPA claim.

4       With regard to Owen's CPA claim against MTC, Owen fails to state a claim.  Her

5 claim is based on one fact and one case: (1) Owen asserts that Mortgage Electronic

6 Registration Services ("MERS") was the original trustee on her loan and (2) the

7 Washington Supreme Court has held that MERS is not a valid trustee under

8 Washington's Deed of Trust Act.  *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83

9 (2012).  *Bain*, however, does not establish a complete CPA violation based on the mere

10 presence of MERS because a plaintiff must establish all the elements of a CPA claim,

11 including injury.  *See*, *e.g*., *id*. at 118 ("there are many different [injury] scenarios, such

12 as when homeowners need to deal with the holder of the note to resolve disputes or to

13 take advantage of legal protections, where the homeowner does need to know more and

14 can be injured by ignorance. Further, if there have been misrepresentations, fraud, or

15 irregularities in the proceedings, and if the homeowner borrower cannot locate the party

16 accountable and with authority to correct the irregularity, there certainly could be injury

17 under the CPA.").  In this case, Owen asserts numerous factual allegations involving

18 Freddie Mac and MERS (Dkt. 2-3, ¶¶ 5.1−5.40), but fails to allege sufficient facts against

19 MTC on every element of her CPA claim.  Therefore, the Court grants MTC's motion to

20 dismiss.

21       Finally, "[a] pro se litigant must be given leave to amend his or her complaint

22 unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by

1 amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Although it seems

2 highly unlikely, it is not "absolutely clear" that Owen will be unable to cure the

3 deficiencies in her CPA claim. Therefore, the Court grants Owen leave to amend her

4 CPA claim and only her CPA claim against BMW and MTC. Any other amendment,

5 without a motion for leave to amend in accordance with the local rules, will be

6 inoperative.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Owen's motion to stay proceedings pending outcome of state court of appeals (Dkt. 25) is **DENIED**; MTC and BMW's motions to dismiss (Dkts. 11 & 21) are **GRANTED**; and Owen is **GRANTED** leave to amend her CPA claim against MTC and BMW.

Dated this 6th day of October, 2015.

BENJAMIN H. SETTLE
United States District Judge