UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA S. OWEN,

          Plaintiff,

   v.

CHUCK E. ATKINS, et al.,

          Defendants.

CASE NO. C15-5375 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendants Federal Home Loan Mortgage Corporation ("FHFA") and Federal Housing Finance Agency's ("Freddie Mac") (collectively "Federal Defendants") motion to dismiss (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 7, 2015, Plaintiff Pamela Owen ("Owen") filed a complaint in Clark County Superior Court for the State of Washington against Defendants Chuck E. Atkins, in his official capacity as Clark County Sheriff; FHFA; Freddie Mac; MTC Financial,

ORDER - 1

Inc., doing business as Trustee Corps ("MTC"); and Bishop Marshall & Weibel, PS's ("BMW"). Dkt. 2-3. Owen asserts a cause of action for violation of Washington's Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and a cause of action for violation of her federal rights under 42 U.S.C. § 1983. *Id*.

On June 18, 2015, MTC filed a motion to dismiss. Dkt. 11. On August 7, 2015, BMW filed a motion to dismiss. Dkt. 21. On October 6, 2015, the Court granted both motions. Dkt. 37.

On October 14, 2015, the Federal Defendants filed a motion to dismiss. Dkt. 40. On November 5, 2015, Owen responded. Dkt. 43. On November 13, 2015, the Federal Defendants replied. Dkt. 45.

## II. FACTUAL BACKGROUND

Owen alleges that she owns property in Vancouver, Washington. On June 16, 2014, MTC sent Owen a notice of delinquent payment and notice of foreclosure sale. Dkt. 2-3, Exh. 3. The notice provides that Owen had been delinquent in payments since September 2009. *Id*. On January 16, 2015, MTC held a foreclosure sale, and Freddie Mac purchased the property. *Id*., Exh. 13. On March 3, 2015, Freddie Mac filed a complaint in state court for an unlawful detainer action against Owen and all other occupants of the property in question. *Id*. On April 3, 2015, the state court issued a writ of restitution to restore possession of the property to Freddie Mac. *Id*., Exh. 18. Owens alleges that Sheriff Atkins attempted to serve the writ sometime after it had expired. *Id*., ¶ 6.11.

## III. DISCUSSION

**A.   Service**

In order for the Court to exercise jurisdiction over a defendant, the defendant must be served properly. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff has the burden of showing that service of process was sufficient. *Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Or. 1984). To serve the United States, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and send by registered or certified mail a copy to the Attorney General of the United States. Fed. R. Civ. P. 4(i). To serve an agency of the United States, the plaintiff must serve both the United States and the agency by registered or certified mail. *Id.* A plaintiff serving a local government must either deliver a copy of the summons and complaint to the government's chief executive officer or accomplish service under the state's law. Fed. R. Civ. P. 4(j)(2). A plaintiff must submit an affidavit asserting that service was accomplished, and must effect service within 120 days after the complaint is filed. Fed. R. Civ. P. 4(l), 4(m).

In this case, FHFA moves to dismiss for failure to properly serve. Instead of submitting evidence that she served FHFA, Owen argues that FHFA is a private actor and not subject to these service requirements. Dkt. 43, ¶ 3.8. Owen is incorrect. FHFA is "an independent agency of the Federal Government." 12 U.S.C. § 4511(a). As such, Owen must serve FHFA as set forth in the rules of procedure. Because Owen has failed to do so or submit evidence that she has done so, the Court grants FHFA's motion to

dismiss for lack of jurisdiction. Owen's claims against FHFA are dismissed without prejudice.

**B.     Failure to State a Claim**

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**1.     CPA**

The Court has already concluded that Owen has failed to state a valid CPA claim against other defendants. Dkt. 37 at 5–6. Similarly, Owen's claim against Freddie Mac is based on one fact and one case: (1) Owen asserts that Mortgage Electronic Registration Services ("MERS") was the original trustee on her loan and (2) the Washington Supreme Court has held that MERS is not a valid trustee under Washington's Deed of Trust Act. *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83 (2012). *Bain*, however, does not establish a complete CPA violation based on the mere presence of MERS in the transaction because a plaintiff must establish all the elements of a CPA claim, including injury. *See*, *e.g.*, *id.* at 118 ("there are many different [injury] scenarios, such as when

homeowners need to deal with the holder of the note to resolve disputes or to take advantage of legal protections, where the homeowner does need to know more and can be injured by ignorance. Further, if there have been misrepresentations, fraud, or irregularities in the proceedings, and if the homeowner borrower cannot locate the party accountable and with authority to correct the irregularity, there certainly could be injury under the CPA."). Therefore, the Court grants Freddie Mac's motion to dismiss Owen's CPA claim for failing to assert sufficient allegations on each element of the claim.

### 2.  Section 1983

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

In this case, Owens asserts that her due process rights were violated when Freddie Mac instituted the unlawful detainer action. Freddie Mac argues that it is a private actor and did not act under color of state law for purposes of section 1983. The Court agrees with Freddie Mac because courts, including the Ninth Circuit, have consistently held that self-help foreclosure procedures and enforcement actions are not state actions. *See Apao v. Bank of New York*, 324 F.3d 1091, 1094 (9th Cir. 2003) (collecting cases). Therefore, the Court grants Freddie Mac's motion to dismiss Owen's section 1983 claim.

### 3.  Remedy

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, the Court concludes that Owen is entitled to amend her complaint in part. With regard to Owen's CPA claim, the Court has given her notice of her deficiencies, and it is not "absolutely clear" that no amendment can cure the pleading. However, the Court concludes that it is absolutely clear that Owen's section 1983 claim against Freddie Mac is based on the lack of a cognizable legal theory and may not be cured by any amendment. Therefore, the Court grants Owen leave to amend her complaint as to the CPA claim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Federal Defendants' motion to dismiss (Dkt. 40) is **GRANTED**. Owen's claims against FHFA are **DISMISSED without prejudice** for lack of jurisdiction, and the Clerk shall terminate FHFA. Owen's section 1983 claim against Freddie Mac is **DISMISSED with prejudice**. Owen's CPA claim against Freddie Mac is **DISMISSED without prejudice** and Owen is granted leave to amend her complaint. Owen must file an amended complaint no later than January 8, 2016. Failure to file an amended complaint or otherwise respond will result in **DISMISSAL** of Owen's claims against Freddie Mac, MTC and BWM.

Dated this 16th day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge