1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

PAMELA S. OWEN,

                    Plaintiff,

v.

FEDERAL HOUSING FINANCE
AGENCY, et al.,

                    Defendant.

CASE NO. C15-5375 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13

14

15

16

17

18

        This matter comes before the Court on Plaintiff Pamela Owen's ("Owen") motion

for summary judgment (Dkt. 55) and Defendant Chuck Atkins's ("Atkins") cross-motion

for summary judgment (Dkt. 59). The Court has considered the pleadings filed in support

of and in opposition to the motions and the remainder of the file and hereby denies

Owen's motion and grants Atkins's motion for the reasons stated herein.

19

## I. PROCEDURAL HISTORY

20

21

22

        On May 7, 2015, Owen filed a complaint in Clark County Superior Court for the

State of Washington against numerous defendants, including Atkins in his official

1   capacity as Clark County Sheriff.  Dkt. 2-3.  Owen asserts a cause of action against

2   Atkins for violation of her federal rights under 42 U.S.C. § 1983.  *Id*.

3        On February 15, 2016, Owen filed a motion for summary judgment.  Dkt. 55.  On

4   February 25, 2016, Atkins responded and filed a cross-motion for summary judgment.

5   Dkt. 57.  On March 1, 2016, Owen replied.  Dkt. 60.  Atkins did not file a reply.

6                        **II. FACTUAL BACKGROUND**

7        While this case arises from the foreclosure of Owen's residence, the facts relevant

8   to Atkins involve an unlawful detainer action initiated against Owen in state court.  On

9   April 2, 2015, Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a

10  complaint for unlawful detainer in Clark County Superior Court for the State of

11  Washington alleging that Owen and others were wrongfully occupying a premise owned

12  by Freddie Mac.  Dkt. 58 at 4–6.  On April 3, 2015, the state court issued (1) an order of

13  default concluding that Owen failed to timely respond to the complaint, (2) a judgment in

14  favor of Freddie Mac, and (3) a writ of restitution directing the sheriff to deliver

15  possession of the property to Freddie Mac.  Dkt. 58 at 9–16.

16       On May 1, 2015, the sheriff's office received the writ, and, on May 5, 2015,

17  posted a notice on the premises informing the residents that they must vacate the

18  premises by May 8, 2015 or face forceful eviction.  *Id*. at 18–19.  Prior to the eviction,

19  however, Freddie Mac's attorney directed the sheriff to cancel the action.  *Id*. at 23.

20

21

22

# III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

1  attested by that party contradict facts specifically attested by the moving party.  The

2  nonmoving party may not merely state that it will discredit the moving party's evidence

3  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

4  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

5  nonspecific statements in affidavits are not sufficient, and missing facts will not be

6  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

7  **B.     42 U.S.C. § 1983**

8          Section 1983 is a procedural device for enforcing constitutional provisions and

9  federal statutes; the section does not create or afford substantive rights.  *Crumpton v.*

10  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under section 1983,

11  a plaintiff must demonstrate that (l) the conduct complained of was committed by a

12  person acting under color of state law and that (2) the conduct deprived a person of a

13  right, privilege, or immunity secured by the Constitution or by the laws of the United

14  States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by*

15  *Daniels v. Williams*, 474 U.S. 327 (1986).

16          In this case, Owen fails to show that any conduct deprived her of a right secured

17  by federal law.  While due process generally requires notice before deprivation of

18  property, Owen was not deprived of her property rights based on the ex parte unlawful

19  detainer action because Feddie Mac cancelled the forceful eviction.  Therefore, Owen has

20  not only failed to establish that she is entitled to summary judgment but also has failed to

21  show that questions of material fact exist to overcome Atkins's motion for summary

22  judgment.

1 | **IV. ORDER**

2 |     Therefore, it is hereby **ORDERED** that Owen's motion for summary judgment

3 | (Dkt. 55) is **DENIED** and Atkins's motion for summary judgment (Dkt. 57) is

4 | **GRANTED**.  The Clerk shall close this case.

5 |     Dated this 13th day of April, 2016.

7 | 

    BENJAMIN H. SETTLE
    United States District Judge